UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Koffi D.,[1]<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, *U.S. Attorney General*; Alejandro Mayorkas, *Secretary, Department of Homeland Security*; Tae D. Johnson, *Acting Director, Immigration and Customs Enforcement*; Marcos Charles, *Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff, Kandiyohi County*.<br><br>Respondents. | File No. 23-cv-2421 (ECT/TNL)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

---

For more than a year, Koffi D., a citizen of the Ivory Coast, has been detained in the Kandiyohi County Jail while he waits for the conclusion of his removal proceedings. He has not received an individualized bond hearing.[2] In a petition for a writ of habeas corpus, he argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Pet. [ECF No. 1] ¶¶ 39–55. Koffi requests a bond

---

[1]  This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration opinions.

[2]  The Government contends that Koffi "was already afforded a bond hearing last summer." ECF No. 12 at 1. But at that bond hearing, an immigration judge denied Koffi's request for a change in custody status because the immigration court "lack[ed] jurisdiction due to mandatory custody under INA 236(c)." ECF No. 6-1; *see also* R&R [ECF No. 8] at 4 ("While the appeal has been pending, on June 8, 2023, an [immigration judge] entered a custody redetermination order, finding [Koffi] subject to mandatory detention per 8 U.S.C. § 1226(c).").

hearing before the immigration judge, at which the Government must prove by clear and convincing evidence Koffi's dangerousness and flight risk. *Id.* ¶ 56. In a Report and Recommendation, Magistrate Judge Tony N. Leung concluded that Koffi's detention has become unconstitutional. R&R at 8–14. As a remedy, Magistrate Judge Leung recommended granting Koffi's request for a bond hearing at which the Government would "be required to bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release and parole (including [Koffi's] ability to post bond) will ensure the safety of the community or his appearance at future immigration proceedings." R&R at 18. The Government filed objections to the R&R, and Koffi filed a response. ECF No. 12; ECF No. 13. The Government's objections are familiar to courts in this District and will be overruled.

The Government first takes issue with the R&R's reliance on the due-process framework established by *Muse v. Sessions*, 409 F. Supp. 3d 707, 715 (D. Minn. 2018). It contends "that the *Muse* framework contradicts the Supreme Court's holding in *Demore v. Kim*." ECF No. 12 at 1 (footnote omitted). But this argument has repeatedly been considered and rejected in similar cases. *See Daciann D. B. v. Immigr. Custody Enf't*, No. 23-cv-1338 (KMM/JFD), 2023 WL 7489997, at *2 (D. Minn. Nov. 13, 2023); *Zackaria D. M. v. Garland*, No. 21-cv-2629 (SRN/LIB), 2022 WL 16541084, at *4

2

(D. Minn. Oct. 28, 2022) (collecting cases); *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 738 (D. Minn. 2021).[3]

If the *Muse* framework applies, the Government proposes that this Court should adopt a seventh factor, "whether the civil detention is for a longer period than the criminal sentence for the crimes resulting in the deportable status." ECF No. 12 at 7 n.4 (quoting *Reid v. Donelan*, 819 F.3d 486, 500 n.4 (1st Cir. 2016)). But *Muse* already considered and rejected the Government's proposed factor. *Muse*, 409 F. Supp. 3d at 715 n.3. As Judge Schiltz thoughtfully explained, "[t]he Court cannot understand why the length of a sentence imposed on an alien years ago by, say, the State of Minnesota to punish him for a predicate offense has any bearing on whether the alien's current civil detention by the federal government under § 1226(c) is constitutional. Why, for example, should it be permissible to detain an alien who was sentenced to 12 months for theft longer than an alien who was sentenced to three months for theft?" *Muse*'s reasoning is persuasive here.[4]

The Government next challenges the R&R's recommendation that the Government bear the burden of proof at the bond hearing by clear and convincing evidence. It argues that the R&R's burden-of-proof recommendation is at odds with the statutory allocation of burdens in § 1226(a) and (c). ECF No. 12 at 8. Again, such arguments have been

---

[3]   The Government notes that the *Muse* framework "is currently under review" in a pending appeal to the Eighth Circuit. ECF No. 12 at 2 (citing *Nyynkpao B. v. Garland*, No. 22-2252 (8th Cir. argued Feb. 15, 2024).

[4]   The Government does not otherwise meaningfully challenge the way the R&R applies the *Muse* factors. Having carefully reviewed the R&R, Magistrate Judge Leung's conclusion that Koffi's detention has become unconstitutional will be accepted.

considered and rejected. *See Zackaria D. M.*, 2022 WL 16541084, at *4 ("[The Government's] reliance on the four corners of 8 U.S.C. § 1226 ignores the obligation and authority of this Court to fashion constitutional due process protections that should be accorded to [the petitioner] in light of his unconstitutionally prolonged detention."); *Nyynkpao B. v. Garland*, No. 21-cv-1817 (WMW/BRT), 2022 WL 1115452, at *5 (D. Minn. Apr. 14, 2022); *Omar M. v. Garland*, No. 20-cv-1784 (NEB/BRT), 2021 WL 3442337, at *6 (D. Minn. Mar. 29, 2021) ("The problem with this position is that statutory interpretation must give way to constitutional analysis.").

Finally, the Government contends that "nearly a century of Supreme Court case law provides that aliens are not subject to the same due-process protections as citizens." ECF No. 12 at 11. Based on that premise, the Government reasons that "any due-process analysis under *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), must reckon with this line of authority." *Id.* at 10–11 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003), *Reno v. Flores*, 507 U.S. 292, 306 (1993), and *Carlson v. Landon*, 342 U.S. 524, 538 (1952)). In those cases, the Supreme Court recognized that because Congress exercises broad power over immigration and naturalization, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Flores*, 507 U.S. at 306 (quotation omitted). But courts applying *Mathews* have regularly concluded the Government should bear the burden of proof by clear and convincing evidence while considering that line of cases and Congress's broad authority. *Daciann D. B.*, 2023 WL 7489997, at *1–2 (rejecting the Government's argument that the R&R "ignores Supreme Court precedent indicating that noncitizens are not entitled to the same procedural protections afforded to citizens.");

4

*Zackaria D. M.*, 2022 WL 16541084, at *5 ("[T]his allocation of power does not render legislative and executive actions immune from the constitutional requirements of due process."); *Pedro O.*, 543 F. Supp. 3d at 742–43 (weighing Congress's broad authority over immigration when applying *Mathews*).[5] Magistrate Judge Leung's recommendation that the Government bear the burden of proof by clear and convincing evidence will be accepted.

Magistrate Judge Leung recommended *sua sponte* that the immigration judge be ordered to consider additional procedural safeguards. R&R at 17–18 (citing *Zackaria D. M.*, 2022 WL 16541084, at *6–7). In *Zackaria D. M.*, Judge Nelson required the immigration judge to consider alternatives to detention and a petitioner's financial ability to pay because "BIA precedent appears to be inconsistent as to the consideration of [those]

---

[5] It is worth noting that the landscape has changed since *Pedro O.* The Fourth Circuit and Ninth Circuit have been persuaded by similar arguments to those that the Government raises here when analyzing due-process challenges to bond hearings conducted under § 1226(a). *See Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022) ("In short, the district court failed to recognize and incorporate into its analysis Supreme Court precedent establishing that aliens are due less process when facing removal hearings than an ordinary citizen would have. This failure constitutes an error of law."); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) ("In sum, while [the petitioner's] private interest and the government's interests are both substantial here, the private interest of a detained alien under § 1226(a) is lower than that of a detained U.S. citizen, and the governmental interests are significantly higher in the immigration detention context."). But both panels issued divided opinions with vigorous dissents. And those cases involved due-process challenges to bond hearings under § 1226(a), not requests for an initial bond hearing because petitioners were subject to mandatory detention under § 1226(c). *See e.g.*, *Durand v. Allen*, No. 3:23-cv-00279-RBM-BGS, 2024 WL 711607, at *7 (S.D. Cal. Feb. 21, 2024) (concluding that a petitioner was "entitled to an initial bond hearing where the government [bears the burden of proof] by clear and convincing evidence" despite the Ninth Circuit's decision in *Rodriguez Diaz*). *Miranda* and *Rodriguez Diaz* offer an insufficient basis to diverge from the majority of courts concluding that the Government must justify the continued confinement of an alien under § 1226(c) by clear and convincing evidence.

procedural safeguards." *Zackaria D. M.*, 2022 WL 16541084, at *6 n.6. Magistrate Judge Leung recommended the same procedural safeguards be adopted here. Neither party objects to this recommendation, and it will be adopted.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Respondents' Objections to the Report and Recommendation [ECF No. 12] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 8] is **ACCEPTED**; and

3. The Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Within 21 days of this Order, Respondents must ensure that Petitioner receives an individualized bond hearing before an immigration judge. If no bond hearing occurs, then Petitioner must be released absent further order of this Court.

    b. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release and parole (including Petitioner's ability to post bond) will ensure the safety of the community or his appearance at future immigration proceedings.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 9, 2024                           s/ Eric C. Tostrud
                                                Eric C. Tostrud
                                                United States District Court